IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND; MONTANA ENVIRONMENTAL INFORMATION CENTER; and CITIZENS FOR CLEAN ENERGY, *Plaintiffs*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY; and ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency, *Defendants*. | Case No.: 4:21-cv-00003-BMM-JTJ  The Honorable Brian Morris, Chief Judge |

## DECLARATION OF BENJAMIN M. LEVITAN

I, Benjamin M. Levitan, declare as follows:

1. I am a Senior Attorney on the U.S. Clean Air team at Environmental Defense Fund ("EDF"). I have been employed by EDF continuously for more than five years.

2. I am submitting this declaration in support of EDF's Administrative Procedure Act action asking this Court to hold unlawful and set aside the U.S. Environmental Protection Agency's ("EPA") decision to make the rule

"Strengthening Transparency in Pivotal Science Underlying Significant Regulatory Actions and Influential Scientific Information" (the "Rule") effective immediately upon publication in the Federal Register and to declare that the Rule will not become effective for at least 30 days from the date of publication.

3.     I am responsible for overseeing and otherwise supporting certain of EDF's legal and advocacy activities, including activities relating to EDF's advocacy for clean-air protections and scientific integrity at EPA.

4.     EDF's mission is to preserve the natural systems upon which all life depends by using science, economics, and the law to find practical and lasting solutions to the most serious environmental problems.  A core aspect of this work is presenting information to government decision-makers responsible for issuing public health and environmental protections to address the risk that exposure to pollution and chemicals inflicts upon public health and the environment.

5.     EDF routinely presents scientific information about the risks of pollution and chemicals to EPA, including studies relying on "dose-response data," and it is essential to our work that EPA be able to rely on that information for all of its regulatory actions.  But by impairing EPA's ability to consider or give due weight to scientific findings presented by EDF, the Rule thwarts EDF's mission to use science to inform government decision-makers about environmental and public health risks created by pollution and chemicals.

6. I have been actively involved in EDF's efforts to oppose EPA's promulgation of the Rule, which EDF believes unlawfully and harmfully restricts EPA's consideration of vital, rigorous scientific studies when setting public health and environmental protections. EDF's principal efforts to oppose the Rule include:

- On March 20, 2018, EDF submitted a Freedom of Information Act ("FOIA") request to EPA for public records related to the development of the proposed Rule.
- On May 4, 2018, following the release of EPA's proposed Rule, EDF submitted a second FOIA request to EPA for records related to the development of the proposed Rule.
- On July 17, 2018, two EDF staff spoke at EPA's public hearing on the proposed Rule to convey EDF's opposition.
- On August 7, 2018, EDF filed suit against EPA for failing to respond to the two FOIA requests described above in accordance with statutory requirements.
- On August 16, 2018, EDF submitted a 193-page comment, as well as numerous attachments, opposing the first iteration of the proposed Rule.
- On May 18, 2020, EDF submitted a 94-page comment, as well as numerous attachments, opposing the supplemental notice of proposed rulemaking for the Rule.
- EDF met with staff of the White House Office of Management and Budget to discuss the proposed Rule on November 22, 2019, and again to discuss the final Rule on September 28, 2020.

7. Because of its concerns about the Rule, EDF had intended to exercise its right to request that EPA administratively postpone the effective date of the Rule under Section 705 of the Administrative Procedure Act. By deeming the Rule effective immediately upon publication in the Federal Register, EPA abrogated EDF's right to seek a stay under Section 705 of the Administrative Procedure Act.

8. If the Court sets aside EPA's decision to make the Rule effective immediately, EDF will promptly seek a Section 705 stay. If the Court does not grant the requested relief, however, EPA will be unable to grant such a stay—and the Rule will remain in effect—even though EPA may have granted the stay if it had been given an opportunity to do so. As a result, EDF and its members will lose an opportunity they otherwise would have had to avoid the Rule's serious consequences for their mission and well-being.

9. As described above, the Rule also compromises EDF's mission to develop, utilize, and rely upon rigorous scientific studies in order to inform EPA about the need to implement public health and environmental protections. EDF suffers that harm at any point that the Rule is in effect.

Dated: January 8, 2021

*Benjamin M. Levitan*

Benjamin M. Levitan