IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND; MONTANA ENVIRONMENTAL INFORMATION CENTER; and CITIZENS FOR CLEAN ENERGY, | |
| *Plaintiffs*, | Case No. 4:21-cv-00003-BMM-JTJ |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; and ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency, | The Honorable Brian Morris, Chief Judge |
| *Defendants*. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF UNDISPUTED FACTS**

1. On April 30, 2018, the EPA published in the Federal Register a notice of proposed rulemaking for a new rule, titled "Strengthening Transparency in Regulatory Science." *See* 83 Fed. Reg. 18768, 18768 (proposed Apr. 30, 2018). The notice requested public comment on a rule that would "direct the EPA to ensure" that the scientific research "underlying its actions is publicly available in a manner sufficient for independent validation." *Strengthening Transparency in Pivotal Science Underlying Significant*

1

*Regulatory Actions and Influential Scientific Information*, 86 Fed. Reg. 469, 473 (Jan. 6, 2021) (describing the proposed rule).

**RESPONSE:**  Undisputed.

2. The EPA published a supplemental notice of proposed rulemaking on March 18, 2020. *See Strengthening Transparency in Regulatory Science*, 85 Fed. Reg. 15396 (proposed Mar. 18, 2020).

**RESPONSE:**  Undisputed.

3. The EPA's Science Advisory Board warned that the rule "risks serious and perverse outcomes." Gupta Decl., Ex. B at 27. "[T]here are legitimate legal, ethical, professional and financial reasons," it wrote, "why researchers may be unable or unwilling to fully share 'data'—including statutes protecting participant privacy, experimental protocols assuring confidentiality of data for human subjects, and (for past studies) issues related to degradation and custody of data." *Id.* at 26. The board noted that the EPA and scientific institutions have "recognized that such constraints on availability of data do not prevent studies from being verified in other ways—or preclude those studies from being considered in regulatory decisions." *Id.* It concluded that the agency had provided "minimal justification … for why existing procedures and norms utilized across the U.S. scientific community, including the federal government, are inadequate," or for how the rule would "improve transparency and the scientific integrity of the regulatory outcomes in an effective and efficient manner." *Id.* at 27.

**RESPONSE:**  Defendants object to this Statement of Undisputed Fact because it is not material to Plaintiffs' motion for partial summary judgment.  *See* Fed. R. Civ. P. 56(a).  Notwithstanding this objection, Defendants do not dispute that EPA's Science Advisory Board made the above-quoted statements.

4. Thomas Sinks, the EPA's Director of the Office of the Science Advisor, wrote a Differing Scientific Opinion opposing the proposed rule. "Human subjects research is the most predictive data for establishing the human health impact from environmental exposures," he wrote, and disregarding or diminishing that research means "setting aside relevant science"—leading to "poorly developed rules." Gupta Decl., Ex. C at 3–4. The result, he concluded, will be to "compromise the scientific integrity of our scientists, the validity of our rulemaking, and possibly the health of the American People." *Id.* at 4.

**RESPONSE:**  Defendants object to this Statement of Undisputed Fact because it is not material to Plaintiffs' motion for partial summary judgment.  *See* Fed. R. Civ. P. 56(a).  Notwithstanding this objection, Defendants do not dispute that Dr. Sinks made the above-quoted statements.

5. The EPA received hundreds of thousands of public comments opposing the rule, including comments from plaintiff Environmental Defense Fund.

**RESPONSE:**  Defendants object to Plaintiffs' stated fact because it does not comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1(a)(2), as it does not provide any admissible support for the statement.

3

6. After signing a final rule on December 30, 2020, the EPA announced the rule on January 5, 2021, and published it in the Federal Register the next day.

**RESPONSE:** Defendants object to Plaintiffs' stated fact because it does not comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1(a)(2), as it does not provide any admissible support for the statement.

7. The final rule adds new provisions to the Code of Federal Regulations that limit, for the first time, the weight that the agency is authorized to afford to studies that rely on "dose-response data"—that is, "data used to characterize the quantitative relationship between the amount of dose or exposure to a pollutant, contaminant, or substance and an effect." 86 Fed. Reg. 492 (to be codified at 40 C.F.R. § 30.2). The new provisions provide that the "EPA shall give greater consideration to pivotal science where the underlying dose-response data" are "available in a manner sufficient for independent validation." *Id.* (to be codified at 40 C.F.R. § 30.5). When the underlying data are not so available, by contrast, the agency "will give them lesser consideration." *Id.* The rule grants the Administrator limited authority to "grant an exemption" to the requirement, "on a case-by-case basis," for one of five specific, enumerated reasons documented in the record. *Id.* at 493 (to be codified at 40 C.F.R. § 30.7).

**RESPONSE:** Disputed, because Plaintiffs selectively quote provisions, often out of context, from a 40-page Federal rulemaking. For a complete and accurate description of its contents, Defendants respectfully refer the Court to the Final Rule, 86 Fed. Reg. 469-01 (Jan. 6, 2021).

8. The agency deemed the rule as one that only "governs internal agency procedures for determining the consideration to afford various studies." *Id.* at 472. Based on its view that the rule is purely procedural, the EPA asserted that its rulemaking was "exempt from the … delayed effective-date requirements set forth in" section 553(d) of the APA. *Id.* Accordingly, it provided that the "final rule is effective on January 6, 2021"—its date of publication in the Federal Register. *Id.* at 470.

**RESPONSE:** Undisputed.

9. Assuming "arguendo," however, "that the delayed effective-date requirement of the Act applied," the EPA stated that it "determined that there would be good cause, consistent with 5 U.S.C. 553(d)(3), for making this final rule effective immediately." *Id.* at 472. The agency claimed that "immediate implementation of the rule, with its goals of ensuring transparency and consistency in how the agency considers dose-response data underlying pivotal science to be used in significant regulatory decisions and influential scientific information, is crucial for ensuring confidence in EPA decision-making." *Id.*

**RESPONSE:** Undisputed.

10. The plaintiffs intend to petition the EPA to administratively postpone the effective date of the Rule under Section 705 of the Administrative Procedure Act (APA). But, because of the EPA's decision to issue the Rule effective immediately, the plaintiffs are deprived of their ability to seek that stay.

**RESPONSE:** Defendants object to Plaintiffs' stated fact because it does not comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1(a)(2), as it does not provide any admissible support for the statement.

January 19, 2021                              Respectfully submitted,

                                              JOHN V. COGHLAN
                                              Deputy Assistant Attorney General

                                              R. TRENT MCCOTTER
                                              Deputy Associate Attorney General

                                              ALEXANDER K. HAAS
                                              Director, Federal Programs Branch

                                              /s/ *Joshua E. Gardner*
                                              Joshua E. Gardner (FL Bar No. 302820)
                                              Special Counsel
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, NW, Rm. 11502
                                              Washington, D.C. 20005
                                              Tele: (202) 305-7583
                                              Fax: (202) 616-8460
                                              Joshua.e.Gardner@usdoj.gov