IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND; MONTANA ENVIRONMENTAL INFORMATION CENTER; and CITIZENS FOR CLEAN ENERGY,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY; and ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency,<br><br>*Defendants*. | Case No. 4:21-cv-00003-BMM-JTJ<br><br>The Honorable Brian Morris, Chief Judge |

**DEFENDANTS' UNOPPOSED MOTION
FOR VACATUR AND REMAND**

In light of the Court's January 27, 2021 order granting Plaintiffs' partial motion for summary judgment and concluding that the final rulemaking entitled "Strengthening Transparency in Pivotal Science Underlying Significant Regulatory Actions and Influential Scientific Information," 86 Fed. Reg. 469-01 (Jan. 6, 2021) ("Final Rule"), is a substantive rule, Defendants respectfully request that the Court vacate the Final Rule and remand this case to the Environmental Protection Agency ("EPA"). Pursuant to Local Rule 7.1(c)(1), counsel for the Defendants have conferred with counsel for

1

Plaintiffs. Plaintiffs have indicated that they do not oppose the requested vactur and remand.

## BACKGROUND

On January 6, 2021, EPA published the Final Rule entitled "Strengthening Transparency in Pivotal Science Underlying Significant Regulatory Actions and Influential Scientific Information," 86 Fed. Reg. 469-01 (Jan. 6, 2021). EPA promulgated the rule as a procedural rule, and in doing so relied upon its housekeeping authority as the sole basis for issuing the Final Rule. Based on EPA's conclusion that the Final Rule constituted "a procedural rule within the scope of the EPA's housekeeping authority[,]" it exempted the rule from the delayed effective-date requirement under 5 U.S.C. § 553(d) of the APA. 86 Fed. Reg. at 472-73.

On January 11, 2021, Plaintiffs filed a two-count Complaint. In Count One, Plaintiffs alleged that the Final Rule is unlawful under the Administrative Procedure Act ("APA") because EPA improperly relied upon the Federal Housekeeping Statute, 5 U.S.C. § 301, in promulgating the rule. ECF No. 1 ¶¶ 16-18. In Count Two, Plaintiffs alleged that EPA's decision to make the Final Rule effective on publication violates 5 U.S.C. § 553(d) because it is a substantive rule and none of the exceptions to section 553(d) apply. *Id.* ¶¶ 19-24. As relief, Plaintiffs sought the following: (1) a declaration that EPA lacked the authority to promulgate the Final Rule; (2) an injunction to set aside the Final Rule; (3) a declaration that the Final Rule violates section 553(d) because its effective date is not at least 30 days after its publication in the Federal Register; and

(4) a declaration that the Final Rule's effective date is 30 days after the date that the rule was published in the Federal Register. *Id.* Prayer for Relief.

Plaintiffs filed a motion for partial summary judgment simultaneously with its Complaint, and sought relief only on Count Two. ECF No. 9. On January 27, 2021, the Court granted Plaintiffs' motion for partial summary judgment. *Environmental Defense Fund v. U.S. EPA*, No. 4:21-cv-03-BMM, 2021 WL 270246 (D. Mont. Jan. 27, 2021). The Court concluded that EPA lacked authority to make the Final Rule effective immediately on publication because the rule constituted a substantive rule rather than a procedural rule, and that EPA lacked "good cause" to exempt the rule from the APA's 30-day notice requirement. *Id.* at *10. The Court further observed that because EPA promulgated the Final Rule pursuant to its housekeeping authority, the Court's conclusion that the rule was a substantive rule "casts into significant doubt whether EPA retains any legal basis to promulgate the Final Rule." *Id.* at *11. The Court noted Defendants' acknowledgement in its opposition to Plaintiffs' motion for partial summary judgment that "if the Court . . . concludes that the Final Rule is a substantive rule, then the rule would lack a legal basis because EPA promulgated the rule pursuant to its housekeeping authority, which only permits promulgation of procedural rules." *Id.* (citing Doc. 24 at 31 n.4).

The Court thus extended the rule's effective date by 30 days, to February 5, 2021. *Id.* Plaintiffs subsequently filed a petition with the EPA under Section 705 requesting that the agency further postpone the effective date of the rule. Ex. 1.

**ANALYSIS**

As the Ninth Circuit has explained, "[w]hether agency action should be vacated depends on how serious the agency's errors are 'and the disruptive consequences of an interim change that may itself be changed.'" *California Communities Against Toxics v. U.S. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (citing *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)); *see Safer Chemicals, Healthy Families v. U.S. EPA*, 791 Fed. Appx. 653, 656 (9th Cir. 2019) (granting EPA's request to vacate and remand one challenged provision in a rule where the request was "neither frivolous nor made in bad faith"); *Montana Wildlife Fed. v. Bernhardt*, CV-18-69-GF-BMM, 2020 WL 2615631, *12 (May 22, 2020) (Morris, C.J.) (remanding and vacating rule where the Court could not see "a serious possibility that the [agency would] be able to substantiate its decision on remand.") (quotation omitted).

Here, based on the Court's conclusion that the Final Rule constitutes a substantive rule rather than a procedural rule, *Environmental Defense Fund*, No. 4:21-cv-03-BMM, 2021 WL 270246, at *10, EPA lacked authorization to promulgate the rule pursuant to its housekeeping authority. Under these circumstances, where EPA lacked the authority to promulgate the Final Rule, remand without vacatur would serve no useful purpose because EPA would not be able to cure that defect on remand. In addition, because the Final Rule was in effect for less than a month, and the agency had not applied the rule in any circumstance while it was in effect, there would be no disruptive consequences in remanding and vacating the rule. Based on the Court's

4

conclusion that the Final Rule is a substantive rule, the sole source of authority for the rule's promulgation cannot support the rulemaking. In these circumstances, Defendants acknowledge that vacatur of the Final Rule is appropriate and therefore respectfully request that the Court vacate the Final Rule and remand the matter to EPA.

Defendants further respectfully request a ruling before February 2, 2021. If the Court were to grant this unopposed motion by that date, it would obviate the need for EPA to act on Plaintiffs' Section 705 petition.

January 31, 2021                                Respectfully submitted,

                                                BRIAN M. BOYTON
                                                Acting Assistant Attorney General

                                                ALEXANDER K. HAAS
                                                Director, Federal Programs Branch

                                                /s/ *Joshua E. Gardner*
                                                Joshua E. Gardner (FL Bar No. 302820)
                                                Special Counsel
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street, NW, Rm. 11502
                                                Washington, D.C. 20005
                                                Tele:  (202) 305-7583
                                                Fax:  (202) 616-8460
                                                Joshua.e.Gardner@usdoj.gov